UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | |
|---|---|
| BERTHA BURTON, individually, and as Personal Representative of the Estate of Richard Burton, Deceased, and EDGAR BURTON,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br><br>LARRY R. LACY, individually, SHELBY COUNTY SHERIFF'S DEPARTMENT, and SHELBY COUNTY,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　　1:07-cv-0918-JDT-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ENTRY ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS/MOTION TO DISMISS (Doc. No. 13)[1]

The Defendants in this action move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c), for a partial judgment on the pleadings and/or dismissal of multiple counts contained in Plaintiffs' complaint.  There are numerous federal claims all brought under § 1983 as well as numerous corresponding or substantively similar state law claims.  The court will address some preliminary issues and then proceed to address each count in the complaint in turn, as did the parties in their memoranda.

**Standard**

The standard for the 12(c) motion on the pleadings is generally subject to the

---

[1]   This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

same standards as a motion to dismiss, although when seeking a judgment on the merits of the claim the standard is more akin to that under Rule 56.  The court takes the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the Plaintiffs.  The court will grant a Rule 12(c) motion if it appears that the plaintiff cannot prove any facts that would support his claim for relief or if there are no issues of material of fact and the defendant is entitled to judgment as a matter of law.  *See, e.g.*, *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Alexander v. City of Chicago*, 994 F.2d 333, 335-36 (7th Cir. 1993).

**Facts**

The basic facts, according to the complaint, are succinct.  Shelby County Sheriff's Deputy Larry R. Lacy ("Lacy") was attempting to stop Richard Burton ("Burton") to conduct a "traffic stop."  Burton, however, did not stop, so Lacy pursued him.  Burton went to his parents' house, where he also resided.  There he stopped, exited his car, and approached the entrance of the home, but he did not enter.  Lacy approached, drew his firearm, and shot Burton at close range in the chest, killing him.

**Counts I & II**

It is undisputed that Count I ("Excessive Force") and Count II ("Unlawful Seizure") both survive this motion.

**Count III – Due Process**

Plaintiffs allege that Lacy violated Burton's due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution by shooting him to death.  Defendants allege that there is no cause of action under the Fifth or Fourteenth Amendments.  In Plaintiffs' responsive brief, they state "there is a valid claim under the Fourteenth Amendment."  Thus, all parties seem to agree there is no viable Fifth Amendment claim.

As to the Fourteenth Amendment Claim, it is also not viable.  The United States Supreme Court in *Graham v. Conner*, made explicit that "*all* claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and it's 'reasonableness' standard, rather than under a 'substantive due process' approach."  *Graham v. Conner*, 490 U.S. 386, 395 (1989).  This applies to the case at hand.  Therefore, analyzing this claim under a due process standard is inappropriate.

Plaintiffs rely heavily on *Slay v. Marion County Sheriff's Department*, 603 N.E.2d 877, 886 (Ind. Ct. App. 1992), to support the viability of the claim.  However, that case cites to cases, such as *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973), that were rejected by *Graham*.  Plaintiffs also rely on other cases which no longer provide the operative law.  *See, e.g.*, *United States. v. Husband*, 226 F.3d 626, 630 n.2 (7th Cir. 2000) ("Although we cite *Rochin* as an example of unconstitutional police conduct, we

recognize that the Court has shifted from a 'shocks the conscience' standard under the Due Process Clause to one of objective reasonableness under the Fourth Amendment"); *Lester v. City of Chicago*, 830 F.2d 706, 711-12 (7th Cir. 1987).

Plaintiffs' theories under this claim are better addressed within the framework of Counts I and II.  Accordingly, Count III is **DISMISSED**.

**Count IV – Battery**

Defendants argue that there is no independent federal cause of action under the U.S. Constitution for battery – it is redundant to Counts I and II.  The court agrees and notes that the Plaintiffs made no effort to counter this assertion.  Defendants further allege that the state law claim against Lacy should be dismissed because Lacy is immune under the Indiana Tort Claims Act.  Plaintiffs argue, however, that the Indiana Tort Claims Act does not apply.

The Indiana Tort Claims Act contains two immunity-granting provisions which could potentially apply in this case – law enforcement immunity and personal immunity, as the Defendants describe them.  Indiana Code § 34-13-3-3(8) provides that a "governmental entity or an employee acting within the scope of the employee's employment is not liable" for the "adoption and enforcement of or failure to adopt or enforce a law . . . unless the act of enforcement constitutes false arrest or false imprisonment."  Indiana Code § 34-13-3-5(b) provides that "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the

claimant against the employee personally." That section continues in part (c) requiring that a lawsuit against an employee personally allege that the employee's conduct was "criminal," "clearly outside the scope of the employee's employment," "malicious," "willful and wanton," or "calculated to benefit the employee personally." Additionally, "[t]he complaint must contain a reasonable factual basis supporting the allegations."

The Defendants argue that the Plaintiffs via their complaint acknowledge and admit that Lacy was acting within the scope of his employment during the altercation with Burton. Accordingly, under the Indiana Tort Claims Act, Lacy, by law, would be immune personally pursuant to Indiana Code § 34-13-3-5(b) and immune altogether if his actions were also "enforcing a law" according to Indiana Code § 34-13-3(8). Plaintiffs counter, however, by alleging that Lacy was not acting within the scope of his employment. They contend that Lacy's conduct was so extreme as to take him outside that scope and make him liable for battery. Thus the questions for the court on this count are whether it can be conclusively determined from the complaint whether Lacy was acting within the scope of his employment and whether a successful excessive force claim actually thwarts the claim for immunity under Indiana law, as Plaintiffs suggest.

Under Indiana law an individual is acting within the scope of his or her employment if the conduct is of the same general nature as that authorized, or incidental to the conduct authorized. *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (quoting the *Restatement of Agency*). It is within the scope if his or her "purpose was, to an appreciable extent, to further his employer's business." *Id.*

(quoting *Kemezy v. Peters*, 622 N.E. 2d 1296 (Ind. 1993)).  Even the commission of intentional criminal or tortious acts or willful and wanton behavior does not necessarily remove the conduct from the scope of employment.  *See Bushong v. Williamson*, 790 N.E.2d 467, 472-73 (Ind. 2003); *Celebration Fireworks*, 727 N.E.2d at 453; *Kemezy*, 622 N.E.2d at 1298.  However, the Indiana Supreme Court in dicta has cited the *Restatement* and the Supreme Court to suggest that there are some limits and that the scope of employment would exclude "intentional use of force 'unexpectable by the master.'"  *See, e.g.*, *Celebration Fireworks*, 727 N.E.2d at 453.  Whether a person's acts are within the scope of his or her employment is usually a question of fact, although it can be determined as a matter of law in certain circumstances.  *Bushong*, 790 N.E.2d at 473.

The Defendants argue that the complaint itself admits that Officer Lacy was acting within the scope of his employment in paragraph 14 which states that Lacy was "acting under the color of the statutes, customs, ordinances, official policies, and usage of his employers."  That paragraph continues in subsection (a) to state that Lacy discharged his firearm "during the course of an investigation."  Elsewhere, the complaint indicates that Lacy's conduct was in conjunction with traffic stop.

It does appear likely that Lacy's conduct was within the scope of his employment.  However, without the presentation of some evidence, it is not appropriate for the court to make that determination at this point.  The facts in the complaint simply state that Lacy tried to stop Burton, that Burton continued some unknown distance (as far as the court can tell, it could be many miles or a mere block) to his house, that Burton

approached the entrance, Lacy approached Burton, and then Lacy shot Burton.  The court cannot surmise from this as a matter of law whether Lacy was acting within the scope of his employment or not.  The complaint also contains an allegation that the conduct was willful and wanton as well as malicious.  (Complaint ¶ 14.)  That allegation does not take Lacy's conduct outside the scope of employment automatically, but it does suggest to the court that the question may not be so black and white.  Moreover, Plaintiffs have put forth what, at this stage, is a plausible argument that Lacy was not acting within the scope of his employment.  Usually questions about the scope of employment are questions of fact.  In some instances it would be appropriate to make the determination as a matter of law.  However, on such meager facts as contained in this complaint, it would not be prudent to deviate from that general practice presently.

The two statutory provisions cited by the Defendants in support of immunity both require a determination of whether Lacy was acting with the scope of his employment. With respect to law enforcement immunity in particular, the viability of an excessive force exception to immunity has been called into question with the erosion of the public/private duty distinction in Indiana.  However that area of the law has been interpreted in a variety of ways, splitting both the Indiana and Southern District courts.  It is not incumbent upon this court to resolve this oft-disputed legal question at this juncture since unresolved factual questions remain.  Upon the development of further facts, the court may see fit to revisit this conflicting case law.  Of particular note, even if the private duty to refrain from the use of excessive force during an arrest is no longer appropriate to use in interpreting statutory immunity, Indiana law may still permit

recovery of some sort.  *Cf. Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 867 (S.D. Ind. 2006) (mentioning that a different analysis might reach the same result and that "[o]ne should not conclude too readily that the Indiana legislature intended to leave Indiana citizens without a remedy under state law if police officers inflict unreasonable and excessive force upon them").  Therefore, the possibility remains under either immunity provision that Plaintiffs may be able to develop some facts which take Lacy outside the scope of his employment.

Thus to the extent that Count VI alleges a federal cause of action for battery it is **DISMISSED**, but with respect to the state law claim the motion is **DENIED**.

**Count V – Negligence**

To the extent Count V alleges a federal claim for negligence it is **DISMISSED**, as was the federal battery claim above.

The state negligence claim arguments from both parties mirror those discussed above with respect to the state battery claim.  For those reasons, the motion as to this claim is also **DENIED**.

**Count VI – Inadequate Training, Supervision, & Discipline**

The central dispute regarding Count VI is about the appropriate party against whom the claim should be brought.  The complaint identifies Shelby County and the Shelby County Sheriff's Department as the defendants to this count.  Defendants assert

that Shelby County is not a proper defendant and that the claim against the Sheriff's Department should be refashioned as against the Sheriff of Shelby County in his official capacity and only as a federal *Monell* claim.

There appears to be conflicting case law with respect to whether the Sheriff's Department or the County is the proper defendant.  For instance in *Trout v. Buie*, 653 N.E.2d 1002, 1005 (Ind. Ct. App. 1995), the Indiana Court of Appeals found that a § 1983 suit against the Sheriff in his official capacity was "merely an alternative means of pleading an action against the governmental entity, here [the] County." *Id.*; *see also Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988); *Crawford v. City of Muncie*, 655 N.E.2d 614, 618 (Ind. Ct. App. 1995).  These cases indicate that the County (or City) is the proper governmental entity to sue.  Yet Defendants (as well as Plaintiffs) quite accurately cite to a case indicating that counties in Indiana have no control over Sheriff's offices.  *See Radcliff v. County of Harrison*, 618 N.E.2d 1325, 1328 (Ind. 1994), ("A County and its Commissioners have no control over the actions of the County Sheriff. . . . A county and its commissioners can not be held liable for a claim . . . against a county sheriff."); *see also Hupp v. Hill*, 576 N.E. 2d 1320, 1326 (Ind. App. 1991).  On appeal while reversing in part, the Indiana Supreme Court agreed that the "Court of Appeals [in *Radcliff*] . . . correctly holds that county commissioners of neither county had control over the actions of the sheriff." *Radcliff v. County of Harrison*, 627 N.E.2d 1305, 1306 (Ind. 1994).  The Seventh Circuit, citing to *Radcliff*, similarly concluded that since a county had no authority over the sheriff then it "cannot be blamed for any deficiency in the training or supervision of the defendant deputy sheriffs that may have been

responsible for the alleged shooting." *Estate of Drayton v. Nelson*, 53 F.3d 165, 167-68 (7th Cir. 1994). The Seventh Circuit felt strongly enough on this issue, in an attorney's fee case, to say that naming the county was a "mistake that no competent lawyer should have made." *Id.* at 168.

The court agrees with the courts in *Radcliff* and *Drayton*, that in Indiana the County is not the proper defendant. *See also Argandona v. Lake County Sheriff's Dep't*, No. 2:06 cv 259, 2007 WL 518799 (N.D. Ind. Feb. 13, 2007) (discussing counties and sheriffs' departments and the ability to bring suit against them). It appears that the cases going the other way were citing to or analogizing to cases that are distinguishable as being about cities rather than counties or relating to other states in which the relationship between county and sheriff is different. *See id.* If under Indiana law a county is not an entity which can assert control over the Sheriff's office, as the Indiana Supreme Court agreed, then it is simply not plausible to hold the County liable under a *Monell* theory. For a *Monell* claim there would have to be the ability to create a causal link between whatever the county did and the sheriff's office. Without the ability or authority to assert control over the sheriff, this is not possible. Plaintiffs cite to a "Use of Force" policy to explain their theory of this claim. (Pls.' Br. 20-21.) Initially this is called a policy of the "Shelby County Sheriff's Department," which is what it appears to be from the cited portion. (*Id.* at 20.) But in the following paragraphs the Plaintiffs drop the "Sheriff's Department" and simply refer to it as "Shelby County's Use of Force Policy or its training procedure." (Pls.' Br. 21.) They then claim that this will serve as the basis for the § 1983 claim against the county. (Hopefully, this switch in names was

inadvertent.)  A policy of the Sheriff's Department will not make the County liable, particularly when the county has "no control over the acts of the sheriff."

As to the Sheriff's Department, Defendants contend that the proper party is the Office of the Sheriff.  Plaintiffs' response is somewhat confusing, and it is difficult to precisely pinpoint their position.  Of course this is all really just a matter of semantics since Defendants concede that there is a *Monell* claim; this is all just a dispute over naming the municipal body accurately.  The court concludes that it makes no difference whether the named party is the "Sheriff's Department," the "Office of the Sheriff," or the "Sheriff in his Official Capacity."  Suing an officer in his or her official capacity is no different than suing the municipal entity.  As already established, the municipal entity is not Shelby County, nor is it the state of Indiana.  Rather, the Sheriff's Department is the municipal entity.  Therefore, naming the Sheriff in his official capacity is the same thing as bringing a suit against the Sheriff's Department.

It is unclear from the complaint and the Plaintiffs' brief if they are also suing the Sheriff in his individual capacity  The Plaintiffs' heading in their brief says "individually" (Pls.' Br. 21), yet the argument seems directed at the Sheriff officially and would be identical to the claim, just described, against the Sheriff's Department.  The complaint does not name the Sheriff as a defendant at any point.  Therefore, to the extent Plaintiffs intended to assert an individual claim against the Sheriff in the brief, they cannot do so since the complaint asserted no such suit.

The remaining issue with this count is whether there is a state law claim against

the Sheriff's Department.  It is not entirely clear from their brief whether Plaintiffs are

pursuing a state law claim for inadequate training, supervision, and/or discipline.  To the

extent they intend to pursue this, the claim does survive this motion.  Defendants'

argument rests on the notion that Lacy was acting within the scope of his employment.

As described above, that is an unresolved material fact.  Accordingly, Defendants

argument must fail at this point.

Therefore, the surviving aspects of Count VII are the *Monell* claim against the

Shelby County Sheriff's Department and the state law claim against the Sheriff's

Department, the remainder of the claims in Count VII are **DISMISSED**.

## Count VII – Negligent Infliction of Emotional Distress

The parties dispute the existence of a federal cause of action in this count and

the viability of a state law claim in light of governmental immunity and a lack of notice by

these plaintiffs, Bertha and Edgar Burton, under the Indiana Tort Claims Act.

The court agrees with the Defendants' position that there is no federal cause of

action for negligent infliction of emotional distress.  The sole case Plaintiffs cite in

support, *Higginbottom ex rel. Davis v. Keithley*, 103 F. Supp. 2d 1075, 1091 (S.D. Ind.

1999), is not supportive of their position.  In that case, the court found the potential

Fourth Amendment violation could serve as the underlying tort, but the cause of action

was a state law claim.  Therefore, the federal law claim for negligent infliction of emotional distress is **DISMISSED**.

Regarding the state law claim, if Officer Lacy were being sued in his official capacity, then, the failure to give notice would bar the suit.  However, Officer Lacy is being sued in his individual capacity, and Plaintiffs have argued that he was acting outside the scope of his employment.  These allegations are sufficient to remove the notice requirement and, for the purposes of the instant motion only, negate the statutory immunity bars to the suit.  Accordingly, the motion to dismiss the state law claim is **DENIED**.

**Conclusion**

Inconsistent facts may be needed to support the various surviving claims.  For instance, it is difficult conceptually to argue both that the Officer was acting outside the scope of his employment and that the Sheriff's Department is liable for failing to train, supervise, etc.  Of course, a litigant is free to argue in the alternative, and this especially makes sense at this early stage of a lawsuit when the proper course depends on what facts a party may be able to develop.  However, as this case progresses it would be wise to reevaluate and keep in mind that the determinations made herein were based on an extremely limited view of the facts.

The claims which remain following this Entry are as follows:

Count I Excessive Force;

-13-

Count II Unlawful Seizure;

Count IV state law Battery Claim;

Count V state law Negligence Claim;

Count VI the § 1983 *Monell* claim against the Sheriff's Department and a state law claim against the Sheriff's Department for Inadequate Training, Supervision, & Discipline;

Count VII state law claim for Negligent Infliction of Emotional Distress.

All other claims are **DISMISSED**.

ALL OF WHICH IS ENTERED this 18th day of January 2008.

_____

John Daniel Tinder, Judge
Sitting by Designation

Copies to:

Nathaniel  Lee
LEE COSSELL KUEHN & LOVE LLP
nlee@nleelaw.com

Marcelino G. Lopez
LEE COSSELL KUEHN & LOVE LLP
mlopez@nleelaw.com

John Thomas Roy
TRAVELERS STAFF COUNSEL OFFICE
jroy@travelers.com